UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD KOUNTZE, and others,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHARLES DENMAN KOUNTZE, and others,<br><br>    Defendants. | Case No. 12-cv-05079 NC<br><br>**ORDER STRIKING FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 16 |

Plaintiffs filed a ninety-one-page amended complaint in which they allege thirty-four claims gainst Defendants. Twenty-seven of Plaintiffs' claims are state law tort claims. The remaining seven are a claim for "civil rights denied under color of law," a claim under 42 U.S.C. § 1983, which fails to specify which constitutional right was violated, a claim of mail fraud without reference to any statute, and four claims alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act. The issue is whether Plaintiffs' amended complaint satisfies the pleading requirements of the Federal Rules of Civil Procedure and the Civil Local Rules. Because the Court finds that it does not, the Court STRIKES Plaintiffs' first amended complaint.

//

## I. BACKGROUND

Plaintiffs filed their original complaint in this Court on October 4, 2012. Dkt. No. 1. On November 5, 2012, Defendants filed a motion to dismiss for lack of jurisdiction and improper venue. Dkt. No. 15. Plaintiffs timely filed their first amended complaint as a matter of course on November 6, 2012. Dkt. No. 16.

## II. STANDARD OF REVIEW

A court may, on its own or upon a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The decision to strike all or part of a pleading is within the discretion of the district court. *Nurse v. United States*, 228 F.3d 996, 1000 (9th Cir. 2000).

## III. DISCUSSION

Federal Rule of Civil Procedure 8(a) requires a party to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Plaintiffs fail to satisfy these requirements. Their ninety-one page complaint is neither short, nor plain. Their statement of the facts alone is nineteen pages. Several of their thirty-four claims are redundant. Plaintiffs allege four separate claims under RICO, but a closer look reveals that Plaintiffs have copied and pasted nearly identical text under each of the four headers. Furthermore, the facts underlying Plaintiffs' RICO claims overlap with their allegations of mail fraud, fraud, fraudulent misrepresentation, and conspiracy. It may be that the conduct Plaintiffs alleges Defendants engaged in give rise to multiple claims for relief, but these allegations must be laid out in a simple and direct way.

Rule 8(a) also requires parties to plead "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Although Plaintiffs include the residences of the parties to the litigation, ostensibly to establish diversity jurisdiction, Plaintiffs fail to

plead the amount in controversy. Plaintiffs reference large sums of money in several of their thirty-four causes of action, but it is not until their prayer for relief on page 83 that Plaintiffs state that they seek damages in excess of $2.5 million, for black mold damage to real property. Plaintiffs do not state the amount of damages they seek for the remainder of their thirty-four claims, stating only that they seek compensatory and statutory damages.

Plaintiffs also failed to follow the Civil Local Rules regarding pleadings. Plaintiffs' attorney failed to include her state bar number or indicate which party she represents. *See* Civil L.R. 3-4(a). Counsel failed to include the name of the case in the footer, or include a section about intradistrict assignment. *See* Civil L.R. 3-4(c)(3), 3-5(b). These rules enable the court to efficiently resolve disputes. Counsel's disregard for them only hinders her clients' claims.

Lastly, and perhaps most importantly, Plaintiffs' complaint seeks "emergency declaratory judgment," a preliminary injunction, and a temporary restraining order. Yet Plaintiffs have neither consented to the jurisdiction of a United State Magistrate Judge, nor declined and requested reassignment. Plaintiffs' inaction undermines their ability to seek these time sensitive forms of relief. In general, Plaintiffs' long, repetitive, and disorganized complaint does not serve their interest in obtaining relief. Rather, it makes it difficult to distinguish between meritorious and frivolous claims.

### IV. CONCLUSION

Plaintiffs' first amended complaint fails to satisfy the pleading requirements. To ensure a more efficient use of time and resources, the Court STRIKES the entirety of the amended complaint, but GRANTS leave to amend. In addition, Plaintiffs must consent or decline to the jurisdiction of a magistrate judge by November 15, 2012 at 5:00 p.m.

IT IS SO ORDERED.

Date: November 8, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge