UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD KOUNTZE, et al.,

    Petitioners,

    v.

CHARLES DENMAN KOUNTZE, et al.,

    Respondents.
_____/

No. C 12-5079 PJH

**ORDER GRANTING MOTION TO DISMISS; ORDER DENYING MOTION FOR RULE 11 SANCTIONS**

Before the court are respondents' motion to dismiss the above-entitled action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, and respondents' motion for sanctions, pursuant to Federal Rule of Civil Procedure 11.  Petitioners filed no opposition to the motion to dismiss for lack of personal jurisdiction, although they do oppose the motion for sanctions.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion to dismiss and DENIES the motion for sanctions.

**BACKGROUND**

This is a dispute among trustees and beneficiaries of a trust.  The grantor of the trust at issue, Denman Kountze, Jr., died on August 25, 2005, and was a resident of Nebraska.  Denman Kountze, Jr., was survived by two sons – Edward Harris Kountze, one of the petitioners herein, and Charles Denman Kountze, one of the respondents herein.  The trust

provided that the balance of the principal would be divided 75% to Edward Kountze, and 25% to Charles Kountze.

In August 2008, Charles Denman Kountze filed an action in a Florida state court, alleging breach of trust, and asserting that he had not received the distribution from the trust to which he was entitled. The Florida state court found that it had jurisdiction over the parties, and subsequently issued orders removing Edward Harris Kountze as trustee, based on the finding that he had breached the duty to administer the trust in good faith and in the interests of the beneficiaries; striking the designation by Edward Harris Kountze of Jean M. Boldan and Marlene McKeon Kountze as co-trustees of the trust, based on the finding that the notice was executed at a time when Edward Harris Kountze was not a trustee and had no authority to appoint a co-trustee; striking Edward Harris Kountze's notice of situs of trust, purporting to transfer the situs from the State of Florida to the State of Oregon, on the basis that the notice did not conform to the requirements of Florida law; and finding Edward Harris Kountze in contempt of court for failing to comply with orders requiring him to produce a full and complete accounting and copies of bank statements.

On October 4, 2012, petitioners, identified as Edward Kountze, individually and as trustee of the Denman Kountze, Jr. Trust; Jean Bolden, individually and as co-trustee; Marlena Kountze, beneficiary; and Karla Gottschalk, co-trustee and attorney for the plaintiffs, filed the present action. The petition (or complaint) is entitled "Emergency Declaratory Judgment." Although it is not entirely clear, petitioners appear to be seeking an order countermanding various orders issued by the Florida court.

Named as respondents are Charles Denman Kountze, individually as trustee and "in official capacities;" James Mitchell, individually and "as law firm partner;" Jeffrey Fridkin (sued as Jeffrey Friedkin), individually and "as law firm partner;" Michael Traficante (sued as Michael Trafficante), individually and "as law firm partner;" and Joseph D. Stewart, individually and "as law firm partner."

Respondents now seek an order dismissing the case for lack of personal jurisdiction and improper venue, and an order awarding sanctions under Rule 11.

**DISCUSSION**

A.   Legal Standards

    1.   Motions to dismiss for lack of personal jurisdiction

When a defendant moves pursuant to Rule 12(b)(2) to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. Love v. Assoc. Newspapers, Ltd., 611 F.3d 601, 608 (9th Cir. 2010); Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). Where the motion is based on written materials rather than on an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). In such cases, the court need only inquire into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. Id. Although the plaintiff cannot simply rest on the bare allegations of the complaint, uncontroverted allegations in the complaint must be taken as true. Id. Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor. Id.

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits. Fed. R. Civ. P. 4(k)(1)(A). California permits the exercise of personal jurisdiction to the full extent permitted by due process. Cal. Civ. P. Code § 410.10. Absent one of the traditional bases for personal jurisdiction (presence, domicile, or consent), due process requires that the defendant have certain "minimum contacts" with the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The extent to which a federal court can exercise personal jurisdiction will depend on the nature and quality of presence, or the nature and quality of the defendant's contacts with the forum state.

If a defendant is domiciled in the forum state, or if its activities there are "substantial, continuous, and systematic," a federal court can (if permitted by the state's "long arm" statute) exercise jurisdiction as to any cause of action, even if unrelated to the defendant's

3

activities within the state. Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 445 (1952). This is referred to as "general jurisdiction." However, if a non-resident's contacts with the forum state are not sufficiently "continuous and systematic" for general jurisdiction, that defendant may still be subject to jurisdiction on claims related to its activities or contacts there (specific personal jurisdiction).

      2.     Motions for sanctions under Rule 11

In relevant part, Rule 11 provides as follows:

> Representations to the Court. By presenting to the court a pleading, written motion, or other paper-whether by signing, filing, submitting, or later advocating it-an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

Fed. R. Civ. P. 11(b) . If the court finds that Rule 11(b) has been violated, it may impose a reasonable sanction on any attorney, law firm, or party that violated the rule. Fed. R. Civ. P. 11(c).

     "The central purpose of Rule 11 is to deter baseless filings." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 254 (9th Cir.1992) (citation omitted). As stated in the Rule, an "improper purpose" is a purpose to "harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed. R. Civ. P. 11(b)(1). The test for improper purpose is an objective one. G.C. and K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003).

B.    Respondents' Motions

     Respondents argue that they are not subject to personal jurisdiction in this court because they are citizens of states other than California and have no continuous or

4

systematic contacts with this state, and because there are no claims asserted against them based on their activities with respect to California.  In addition, they assert, there are no facts pled as to the individual defendants, including facts supporting personal jurisdiction.

Each respondent (or defendant) has provided a declaration in support of the motion.  The declarations establish that none of the respondents (or defendants) resides in California, owns property in California, or does any business in California.

Charles Denman Kountze is a citizen of Nebraska.  For the past 20 years, he has resided in Nebraska, Michigan, Illinois, and/or New York, but not in California.  He is registered to vote in Nebraska, has a Nebraska driver's license, owns no real property in California, and does no business in California.

Mr. Mitchell has been a citizen of Nebraska since 1949, with the exception of two brief periods in 1970 and 1973.  He has never been a citizen or resident of California.  He is registered to vote in Nebraska, has a Nebraska driver's license, and has been a member of the Nebraska bar since 1974.  He owns no real property in California, and does no business of any kind in this states.

Mr. Fridkin is a Florida attorney and has been a citizen of Florida since 1985.  He is registered to vote in Florida, has a Florida driver's license, and owns real property in Florida.  He has never been a citizen of California, and owns no real property and conducts no business in this state.

Mr. Traficante is a Florida attorney and has been a citizen of Florida since 1980.  He is registered to vote in Florida, has a Florida driver's license, and owns real property in Florida.  He has never been a citizen of California, and owns no real property and conducts no business in this state.

Mr. Stewart is also a Florida attorney, and has been a citizen of Florida since 1981.  He is registered to vote in Florida, has a Florida driver's license, and owns real property in Florida.  He has been a member of the Florida bar since 1985.  He resided in California when he was a child, when his father was in the Navy.  As an adult, he has resided in Virginia, Hawai'i, and Florida.  He owns no real property in California, is not a member of

the California bar, and has never conducted any business activities in California.

Petitioners did not file an opposition to the motion to dismiss, although they do argue in their opposition to the motion for Rule 11 sanctions that this court has <u>subject matter jurisdiction</u> over this case, and that venue is proper because petitioner Karla Gottschalk, who also is the attorney representing petitioners in this action, has transferred the funds remaining in the trust account to an attorney-client trust account in California.

Nevertheless, based on the evidence provided by the respondents, and also based on petitioners' failure to provide any evidence or argument in opposition, the court finds that the motion to dismiss for lack of personal jurisdiction must be GRANTED.  Accordingly, the court does not address the motion to dismiss for improper venue.

In addition, based on the relative lack of clarity in both the petition (or complaint) and in petitioners' opposition to the motion for sanctions, the court finds that the motion must be DENIED.  Given petitioners' failure to establish that this court has personal jurisdiction over the respondents, the court will not permit petitioners to file an amended petition (or complaint).  However, without a clearer statement of the claims being asserted, the court is unable to determine whether sanctions are warranted under Rule 11.

In addition, and more significantly, respondents failed to make any showing of compliance with the "safe harbor" provision of Rule 11(c)(2).  Thus, the motion is procedurally improper, and must be denied on that basis.  <u>See</u> <u>Holgate v. Baldwin</u>, 425 F.3d 671, 678 (9th Cir. 2005) ("safe harbor" provision is strictly enforced).

The February 27, 2013 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: February 22, 2013

PHYLLIS J. HAMILTON
United States District Judge

6